No. 12,964.

Musgrove *v*. Brown.
(27 P. [2d] 590)

Decided November 27, 1933.

Mr. Edwin H. Park, for plaintiff in error.

Mr. A. X. Erickson, Mr. Emory L. O'Connell, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

W. E. Brown sued J. F. Musgrove, the Denver Motor Hotel Company, M. M. Hoffman, B. A. Hoffman and A. L. Gard for damages for breach of contract. He recovered judgment in the sum of $774.13 against all the defendants. Musgrove alone seeks a reversal of the judgment.

560

■ Counsel for Musgrove contends that the complaint does not state facts sufficient to constitute a cause of action. That objection was made for the first time at the trial by oral demurrer and objection to evidence. While the objection for insufficient facts is not waived by answering, but may be made at any time, making it for the first time at the trial is not encouraged by the courts, and the objection so made will be overruled if by reasonable intendment or fair implication from the facts stated, or by a most liberal construction, the essential allegations may be arrived at by inference and the pleading held to state a cause of action. 49 C. J. p. 822.

■ The complaint is far from being a model pleading, but, by resorting to a liberal construction, there may be spelled out of the allegations a statement of a cause of action. From the complaint, so construed, it appears that Brown was a tenant occupying a space or stall in a certain building on Stout street in Denver; that Musgrove brought an action of unlawful detainer to recover from Brown the possession thereof; that while the action was pending in court the defendants in this suit "promised and agreed" that they would pay all costs of moving Brown's property to a location at the corner of Fourteenth and Champa streets, and that they would do the moving with reasonable dispatch, if Brown would vacate the premises he was occupying; that Brown requested the defendants to carry out their agreement and move his property to the designated place; that they failed and neglected to do so; and that Brown himself had the property moved to the new location at an expense to him of $746.18.

We hold that the complaint stated facts sufficient to constitute a cause of action.

There are other assignments, but they are so clearly without merit that they require no discussion.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Holland concur.